

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

United States Courthouse
300 Quarropas Street
White Plains, New York 10601

April 29, 2013

**BY HAND**

The Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    **United States v. Curtis Holland, Jr.,**
              S1 12 Cr. 774 (VB)

Dear Judge Briccetti:

       The Government submits this letter in connection with the sentencing of defendant Curtis Holland, Jr., which is scheduled for May 1, 2013 at 10:30 a.m. In defense counsel's letter dated April 26, 2013, the defendant urges that the defendant's difficult upbringing and professed commitment to self-improvement warrants a sentence of 24 months' imprisonment, substantially below the Guidelines range. In light of the defendant's criminal history and the nature of the instant offense, the Government respectfully submits that the Court should sentence him within the United States Sentencing Guidelines ("U.S.S.G.") range of 46 to 57 months' imprisonment calculated by the United States Probation Office and set forth in the Presentence Investigation Report ("PSR"). A Guidelines sentence is entirely appropriate to promote respect for the law, protect the public, and afford adequate deterrence to a defendant who has repeatedly received lenience for his past crimes—only to commit additional serious offenses.

    I.    **Background and Offense Conduct**

       As detailed in the PSR, this case arises out of a New York State Police Officer's May 2012 traffic stop of an SUV in which the defendant was a passenger (PSR ¶ 7). During the stop, a quantity of crack cocaine was recovered from the defendant following a search of his person. (PSR ¶¶ 9-10). That crack weighed approximately 52.4 grams.

       The defendant was charged by Complaint on or about July 17, 2012, with distribution and possession with intent to distribute 28 grams and more of crack cocaine in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B). On October 10, 2012, a grand jury returned an indictment, which charged the defendant with the same offense. The defendant has been remanded since his July arrest.

## II. Plea Agreement and Criminal History

On December 4, 2012, the defendant appeared before Your Honor and pled guilty to a superseding Information pursuant to a Plea Agreement (the "Plea Agreement"), to the lesser included offense of distribution and possession with intent to distribute quantities of crack cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C). The Plea Agreement is generous, insofar as the Government allowed the defendant to plead to the lesser included offense, which did not mandate a minimum five year sentence. In the end, the parties agreed to a Guidelines offense level of 23 and that the defendant's Criminal History Category is I, resulting in a Guidelines range of 46 to 57 months' imprisonment.

Although the defendant does not have any criminal history points, this case is far from his first brush with the criminal justice system. In December 2004, when the defendant was thirteen years old, he was adjudicated a juvenile delinquent in Queens County Family Court, and convicted of Murder in the Second Degree. (PSR ¶ 25). Neither the Probation Officer nor the Government has been able to locate the details of this offense. However, as described in the defendant's sentencing letter, it apparently arose out of an occasion on which the defendant and some friends set fire to a garbage can and fled the scene—which resulted in the asphyxiation of another individual. (Def. Letter at 2). Assuming that account is accurate, the defendant's conviction presumably arose out of the depraved indifference portion of New York's second degree murder statute. See New York Penal Law, Section 125.25(2). In March 2005, the defendant was sentenced to an eighteen month reformatory term. (PSR ¶ 25).

In recent years, the defendant has twice been arrested for criminal offenses that have been adjourned in contemplation of dismissal. In September 2011, he was charged with Criminal Trespass in the Second Degree after being observed in an apartment complex from which he had been banned. (PSR ¶¶ 29-30). More seriously, in February 2012—just a few months before he was first arrested in connection with the instant offense—the defendant was arrested on charges of Attempted Assault in the Second Degree and False Personation after having punched and kicked another individual in the face, head, ribs, and knee. (PSR ¶¶ 31-32). The victim required five staples to close a laceration in his head. (PSR ¶ 32). When questioned by the police, the defendant provided a false name. (Id.).

## III. The Court Should Sentence Holland Within the Guidelines Range

Regarding the Court's contemplated sentence, the Government submits that a Guidelines sentence is appropriate for this defendant. The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," Gall v. United States, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. Id. at 596; see also United States v. Rattoballi, 452 F.3d 127, 133 (2d Cir. 2006) (the Guidelines "'cannot be called just 'another factor' in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges.'"). After that calculation,

however, a sentencing judge must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, the need to adequately deter criminal conduct, and protecting the public from further crimes of the defendant. See Gall, 552 U.S. at 50 & n.6. In this case, a particularized consideration of the factors set forth in Section 3553(a) demonstrates that a Guidelines sentence is appropriate for the defendant.

First, the seriousness of the instant offense supports a Guidelines sentence. The defendant pled guilty to possessing more than fifty grams of crack cocaine. As this Court is aware, fifty grams of crack can net a distributer well over a thousand dollars and is a far greater quantity than an individual might be expected to have as part of a first foray into drug dealing.

The defendant's criminal history also militates in favor of a Guidelines sentence. The defendant's criminal-history category is consistent with that of a first time offender. However, it is clear from the PSR that the defendant has taken part in at least two violent offenses—including a murder—for which he has, to date, escaped any serious punishment. The defendant was not deterred from criminal behavior by the eighteen months he spent in reform school following his murder conviction. Nor did two adjournments in contemplation of dismissal sway him from the course of criminal conduct, which culminated in the instant offense. To the contrary, he trafficked a significant quantity of crack just three months after he was arrested for brutally beating another individual. Despite defense counsel's assertion that this defendant has never been "given a . . . chance" (Def. Letter at 2), he has been the repeated beneficiary of lenience with respect to serious criminal offenses. And he has chosen to continue on an escalating path of criminality.

In short, a Guidelines sentence of 46 to 57 months' imprisonment is appropriate for this defendant. Such a sentence is reflective of the seriousness of his criminal conduct and will hopefully cause him to understand the consequences of continued criminal behavior and instill in him a heretofore missing "respect for the law." It would also help protect the public from the sort of serious criminal behavior that has marked his young life.

Hon. Vincent L. Briccetti
April 29, 2013
Page 4 of 4

### IV. <u>Conclusion</u>

  For the foregoing reasons, the Government respectfully submits that the Court impose a sentence within the Sentencing Guidelines range of 46 to 57 months, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

            Respectfully submitted,

            PREET BHARARA
            United States Attorney

          By: _____
            Ilan T. Graff
            Assistant United States Attorney
            Southern District of New York
            (914) 993-1967

cc: Susanne Brody, Esq.